IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

VICTOR A. MOTLEY,

                     Plaintiff,

v.

ABIGAIL ADAMS NATIONAL
BANCORP, INC.,
trading as CONSOLIDATED BANK &
TRUST CO., *et al.*,

                    Defendants.

Civil Action No.: 3:07–CV–294

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion to Dismiss by Defendant Abigail Adams National Bancorp, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(1), filed as Docket Entry No. 12. For the reasons set forth herein, the Motion to Dismiss shall be GRANTED.

**I.**

Mr. Motley is an attorney who was formerly licensed to practice within the Commonwealth of Virginia. In connection with his practice, Mr. Motley maintained a deposit account with Abigail Adams National Bancorp Inc., a banking concern that trades as Consolidated Bank & Trust Co. ("Consolidated"). Consolidated has identified its principal place of business as Virginia.

By the early months of 2001, Mr. Motley had become the subject of an investigation undertaken by the Virginia State Bar regarding his fitness to practice law. On or about February 8, 2001, the State Bar issued a subpoena duces tecum directing Consolidated to produce

documents relating to the origin of Mr. Motley's deposit account, that account's activity during a certain period of time, and a specific deposit of $140.00 made on August 30, 1999. A representative from Consolidated later gave testimony regarding these documents at State Bar proceedings, held on March 28, 2003.

Also testifying at the Plaintiff's hearing was Meg Scholl. Ms. Scholl is an insurance adjuster with Integon Indemnity Insurance Co. ("Integon"). It is alleged that Ms. Scholl is a citizen of Virginia; as for Integon, its principal place of business is not known, though it is incorporated under the laws of the State of North Carolina. Neither Ms. Scholl nor Integon are connected with Consolidated or the events described above. Nonetheless, Ms. Scholl and Integon are present as defendants in this action on the basis of a wholly separate set of factual occurrences related only by the Plaintiff's State Bar proceedings.

Mr. Motley maintained a friendship with Khanoni Bey, whom he knew through a familial relation. Mr. Bey had apparently suffered some sort of property loss and was then engaged in a dispute with Integon regarding insurance coverage. Ms. Scholl was the adjuster assigned to the case. At some point Mr. Motley sent a letter to Ms. Scholl regarding Mr. Bey's claim. Ostensibly, the tenor of this letter indicated that Mr. Motley had been retained as legal counsel. This was not true. In fact, it appears that Mr. Motley's license had been suspended or revoked by this time. It is alleged that on or about June 15, 2001, Ms. Scholl telephoned Mr. Motley and recorded their conversation without the Plaintiff's knowledge or consent. The contents of that conversation are not known, though it was played at the Plaintiff's State Bar hearing.

Mr. Motley has sued Ms. Scholl and Integon under a theory of negligence and pursuant to Virginia Code Annotated Section 19.2-69, which provides a cause of action for unlawful interception, disclosure, or use of a wire, electronic, or oral communication. He has sued

Consolidated for breach of fiduciary duty, negligent administration of a financial account, and invasion of privacy. He seeks damages in excess of $5,000,000 from each set of defendants.

**II.**

Federal courts are courts of limited jurisdiction. Therefore, the existence of jurisdiction is necessarily the threshold requirement in every federal case. Consolidated has moved to dismiss this action on the basis of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, it is the burden of the non-moving party to prove the existence of such jurisdiction by a preponderance of the evidence. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999)(citation omitted); see also Luckett v. Bure, 290 F.3d 493, 496–97 (2d Cir. 2002)("[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). A motion to dismiss for lack of subject matter jurisdiction may be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647 (internal quotation and citation omitted).

Jurisdiction in this case is predicated on diversity of citizenship. The diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The statute further provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Id. § 1332(c)(1). Long ago, it was decided that the only form of diversity of citizenship countenanced by the jurisdictional statute is complete diversity among the opposing parties. Where less than complete diversity persists, jurisdiction pursuant to § 1332 does not.

The Plaintiff has identified himself as a citizen of the Commonwealth and Defendant Consolidated as a corporation whose principal place of business is also Virginia. The remaining defendants, Integon and Ms. Scholl, have not yet appeared in this action; their citizenship for jurisdictional purposes has therefore not been ascertained. Nor need it. The common citizenship of Mr. Motley and Consolidated divests the Court of jurisdiction and compels dismissal.

Consolidated has suggested several other grounds upon which dismissal for lack of jurisdiction would be appropriate. Those grounds include the intercession of a statute of limitations and the doctrines of res judicata and collateral estoppel. Those arguments need not be addressed. An appropriate Order shall issue.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Court

ENTERED this 14th day of August 2007